IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CHARLES KYLES, | ) | |
| Register No. 182687, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4248-CV-C-SOW |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants in plaintiff's complaint are Correctional Medical Services (CMS), Missouri Department of Corrections, D. Dormire, A. Wood, B. Goeke, G. Lombardi, B. Galloway, and R. Kaier.

Plaintiff alleges he is being denied medical care by CMS for lesions on his head, which are causing him to suffer headaches daily, and that he is being served unsafe food for meals, such as two-month expired orange juice, which caused him to become ill.

Plaintiff subsequently filed a motion for declaratory judgment, alleging excessive use of force by Functional Unit Manager J. Casaady and Custody Officer Smith, and a motion for a temporary restraining order, alleging denial of medical attention by Dr. Garcia, and denial of a food tray on one occasion by Officers Friesen and Colbert.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if

satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).  Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).  The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Pursuant to the Act, the court recommends plaintiff's claims against the Department of Corrections, CMS, D. Dormire, A. Wood, B. Goeke, G. Lombardi, B. Galloway, R. Kaier and Officers Friesen and Colbert; claims of unsafe food, and claims in his motion for preliminary injunction regarding being denied a food tray on one occasion be dismissed for failure to state a claim on which relief can be granted.

The Missouri Department of Corrections, as an entity of the State of Missouri, is not a person within the meaning of the Civil Rights Act, 42 U.S.C. § 1983.  *See Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986), *cert. denied*, 479 U.S. 851 (1986).  The Department also has Eleventh Amendment immunity and is not subject to an action for damages or equitable relief.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).  Based on the Eleventh Amendment, damages are not recoverable against the State, the Department of Corrections or state officials acting in their official capacities.  *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989).  Accordingly, plaintiff's claims against the Missouri Department of Corrections should be dismissed.

Although naming CMS as a defendant, plaintiff has not alleged facts showing any action by CMS.  Instead, his claims against this corporate defendant appear to rely on the doctrine of respondeat superior.  "It is well settled that respondeat superior cannot be the basis of liability in a § 1983 action."  *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990).

Likewise, plaintiff has not alleged a policy by CMS that caused his injuries.  In *Sanders v. Sears Roebuck and Co.*, 984 F.2d 972 (8th Cir. 1993), the court held that a corporation acting under color of state law will be held liable under section 1983 only for its own unconstitutional policies or actions.  "The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under

2

§ 1983." *Id.* at 976.  Thus, to state a viable claim against CMS for an injury caused by an unconstitutional policy, plaintiff must allege facts indicating Dr. Garcia acted pursuant to an official CMS policy and the official policy is responsible for plaintiff being denied constitutionally adequate medical care.  In this case, plaintiff has not done so.

Plaintiff's claims against defendants D. Dormire, A. Wood, B. Goeke, G. Lombardi, B. Galloway, and R. Kaier appear to be based only upon their supervisory positions held with the Missouri Department of Corrections.  A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions.  *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990).  Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation.  *Boyd*, 47 F.3d at 968; *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990).  Plaintiff's claims fail to allege any personal involvement or authorization of alleged constitutional violations by defendants D. Dormire, A. Wood, B. Goeke, G. Lombardi, B. Galloway, and R. Kaier; therefore, such claims should be dismissed.

Plaintiff's claims against defendants Officers Friesen and Colbert regarding denial of one meal; claims regarding being served two-month expired orange juice on one occasion; and preliminary injunction request regarding denial of one meal fail to allege a constitutional violation.

The Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate food, *Farmer v. Brennan*, 511 U.S. 825, 832 (1999), and nutrition.  *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992).  *See also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).  In the instant case, however, plaintiff's allegations that on one occasion he was denied his food tray and was served two-month expired orange juice, fail to allege nutritionally inadequate food or an imminent danger to his health, and therefore should be dismissed, and preliminary injunctive relief denied.  *Wishon*, 978 F.2d at 449.  *See also Berry v. Brady*, 192 F.3d 504, 506-08 (5th Cir. 1999) (denying inmate eight meals over seven months because inmate's refusal to shave did not deny inmate anything close to minimal measure of life necessities under the Eighth Amendment); *Roddy v. Corbitt Nesbitt*,

3

242 F.3d 376 (Table) (8th Cir. 2000) (unpublished) (actions of prison official in denying meal on three occasions over course of year did not rise to level of an Eighth Amendment violation); *Williams v. Harness*, No. 99-1326, 2000 WL 573448, at *1 (8th Cir. May 10, 2000) (unpublished per curiam) (denial of one meal does not give rise to constitutional violation).

Plaintiff's motion for declaratory judgment on his claims of excessive use of force against Functional Unit Manager J. Casaady and Custody Officer Smith should be denied, without prejudice, and his motions for injunctive relief regarding his medical care should be denied; however, plaintiff will be granted leave to proceed in forma pauperis on his claims against Dr. Garcia regarding denial of medical care and against defendants Casaady and Smith regarding his claims of excessive use of force.

Although these allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $7.57[1] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $7.57 toward the $250.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri and Correctional Medical Services notify the court, in writing, for which defendants they will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that, pursuant to 28 U.S.C. § 1915A, plaintiff's claims against the Missouri Department of Corrections, Correctional Medical Services, D. Dormire, A. Wood, B. Goeke, G. Lombardi, B. Galloway, R. Kaier, and Officers Friesen and Colbert; and claims regarding unsafe food and being denied a food tray be dismissed for failure to state a claim for which relief can be granted. It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief be denied [8]. It is further

RECOMMENDED that plaintiff's motion for declaratory judgment be denied, without prejudice [4].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 30th day of September, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

6