# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CHARLES KYLES, ) | |
| Register No. 182687, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-4248-CV-C-SOW |
| ) | |
| ALFRED GARCIA, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants Dr. Garcia and Corrections Officers Cassaday and Smith have filed motions to dismiss for failure of plaintiff to exhaust his administrative remedies prior to filing his complaint in federal court. Plaintiff has responded stating he initially filed some IRR's and grievances, but that such grievances and/or IRR's were not addressed.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the Missouri Department of Corrections (MDOC) Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. See MDOC Manual, D5-3.2, Offender Grievance, No. III(M)(11) (Jan. 1, 2004); No. III(M)(12) (March 11, 2005). Furthermore, section 1997e(a) requires that an inmate exhaust all available administrative remedies regarding the allegations in his complaint prior to bringing suit. Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit).

Finally, when multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims.  *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

In the instant case, plaintiff has failed to provide any documentation or information that he has, in fact, exhausted his administrative remedies as to his claims against defendants.  To the extent plaintiff alleges that he initially filed grievances but did not receive a response to such grievances, such allegation is insufficient to allow plaintiff to proceed with filing a federal lawsuit prior to exhaustion.  The court takes judicial notice of the fact that MDOC has a procedure manual that states the "[e]xpiration of the response time limit at any stage of the process shall allow the grievance to move to the next stage of the process by notifying the grievance officer."  MDOC Dept. Manual D5-3.2, Offender Grievance (Jan. 1, 2004), Nos. III (K)(9), and (L)(18); see also Nos. III (K)(9), and (L)(18) (March 11, 2005).  Plaintiff had the opportunity, pursuant to the prison grievance procedure manual, to continue with his claims to the point of administrative exhaustion, even if prison officials failed to respond to his initial IRR's or grievances.

Therefore, because plaintiff failed to exhaust administrative remedies as to his claims prior to the filing of this federal lawsuit, plaintiff's claims should be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e.

Plaintiff is advised that if he refiles this suit after exhausting his administrative remedies, he will be required to pay the full filing fee.  28 U.S.C. § 1915 (as amended Apr. 26, 1996).  Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

Plaintiff's pending motions addressing his unexhausted claims should be denied, without prejudice, as should defendants' pending motion for summary judgment.

IT IS, THEREFORE, ORDERED that plaintiff's pending motions are denied, without prejudice [9, 17, 19, 34, 36, 38, 39, 40, 42, 44, 45, 47, 48].  It is further

RECOMMENDED that plaintiff's motions for declaratory judgment and for injunctive relief be denied, without prejudice [11, 22, 28].  It is further

RECOMMENDED that defendants' motion for summary judgment be denied, without prejudice [37].  It is further

2

RECOMMENDED that defendants' motions to dismiss for failure to exhaust administrative remedies be granted, and plaintiff's claims be dismissed, without prejudice [14, 25].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

Dated this 13th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3