IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CHARLES KYLES, Register No. 182687,    )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )    No. 05-4248-CV-C-SOW
                                        )
ALFRED GARCIA, et al.,                  )
                                        )
                    Defendants.         )

## ORDER

On February 13, 2006, the United States Magistrate Judge recommended that plaintiff's motions for declaratory judgment and for injunctive relief be denied, without prejudice; that defendants' motion for summary judgment be denied, without prejudice; and that defendants' motions to dismiss for failure to exhaust administrative remedies be granted, and plaintiff's claims be dismissed, without prejudice. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on March 9, 2006. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted. Plaintiff has come forward with no evidence indicating he exhausted his administrative remedies on his claims prior to filing this federal lawsuit, as required by 42 U.S.C. § 1997e.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

On March 10, 2006, plaintiff filed a motion for reconsideration. Plaintiff's motion will be treated as one requesting relief from this court's order entered on February 14, 2006. Fed.

R. Civ. P. 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Reyher v. Champion, 975 F.2d 483, 488 (8th Cir. 1992) (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)).  No exceptional circumstances justifying relief have been shown.

    THEREFORE, IT IS ORDERED that plaintiff's motion for relief from this court's order of February 14, 2006, is denied [55].  It is further

    ORDERED that the Magistrate Judge's February 13, 2006 Report and Recommendation is adopted [52].  It is further

    ORDERED that plaintiff's motions for declaratory judgment and for injunctive relief are denied, without prejudice [11, 22, 28].  It is further

    ORDERED that defendants' motion for summary judgment is denied, without prejudice [37].  It is further

    ORDERED that defendants' motions to dismiss for failure to exhaust administrative remedies are granted, and plaintiff's claims are dismissed, without prejudice, pursuant to the provisions of 42 U.S.C. § 1997e [14, 25].

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated:  April 24, 2006